UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WAKEITHA M. BELL,

    Plaintiff,

    v.

CITY OF CINCINNATI,

    Defendant.

Case No. 1:23-cv-168

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff Wakeitha M. Bell has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed.

**I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which

clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion

couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Analysis

In this case[1], the complaint identifies the City of Cincinnati as the lone Defendant. Plaintiff alleges that Defendant has violated her civil rights "under color of State law." (Doc. 1-1 at 2, PageID 5). A handwritten "Statement of Claim" on the standard form used by pro se litigants states in relevant part:

> I have been deprived of my rights all over the City. I have been deprived at hospitals, police stations and shelters. I have also been deprived in CMHA housing. There's a triangle of deprivation being committed by the whole City of Cincinnati. I filed a complaint against an officer named Mercado/Deloran Mercado it was filed under 22109. The complaint helped me prove that April 2021 was my 1st time ever seeing her. I have proof of medical [illegible] and fraud and because of her and the fraud around the city pertaining to me my complaint was unfairly unrightfully erased and then she retired and I would still like to sue er but this lawsuit is for general violations of my rights including obstruction [sic].

---

[1] The undersigned takes judicial notice that the same Plaintiff recently filed a second complaint in this Court, *see* Case No. 1:23-cv-177. Without prejudging the validity of any future lawsuits that Plaintiff may seek to file, the Court advises Plaintiff that litigants who repeatedly file lawsuits that are dismissed as legally frivolous may find themselves subject to pre-filing restrictions. *See generally*, *Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir., August 10, 2000) (citing *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir.1998)); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1987) (recognizing that a federal court "has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions.").

(Doc. 1-1 at 3, PageID 6). As relief, Plaintiff's original complaint seeks "to be treated fairly in the hospital as well as compensated for lack of treatment and pain and suffering." (*Id.* at 4, PageID 7).

On March 28, 2023, Plaintiff filed a motion to amend her initial pleading "to change the jurisdiction to US gov. defendant, bc all parties listed in my complaint are government agencies." (Doc. 3 at 1). Notwithstanding her motion, no defendant is identified other than the City of Cincinnati. Plaintiff states in the same motion that her "demand for 9,999,000 is incorrect," and requests to change that amount to "100,000 possibly less once I round expenses of injuries and lack of treatment." (*Id.*) Last, she states that she "would like to be referred to a Judge not a magistrate." (*Id.*)[2]

On March 30, 2023, Plaintiff filed an additional motion seeking to amend her pleading. (Doc. 4 at 1). In her most recent filing, Plaintiff states that she seeks the appointment of counsel as well as trial before a jury. (*Id.*) She explains that she is "currently looking for an attorney." She also states that she wishes "to make sure the jurisdiction was Federal," and seeks "to change amount asking for to 20 million," based upon injuries that "got me sexually exploited, raped, followed and lied on." (*Id.*)

After careful review, the undersigned concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court, even after considering both the March 28 and March 30 proposed "amendments." On the whole, the complaint contains insufficient factual detail from which this Court can discern any conceivable or plausible claim against the sole identified defendant, the City of Cincinnati, or against any

---

[2]The undersigned is a United States Magistrate Judge. *See generally* 28 U.S.C. § 636. Pursuant to general practice, pro se civil cases are routinely assigned to a magistrate judge for initial review. As stated in the Notice below, any timely objections filed by Plaintiff will be reviewed by the presiding district judge.

4

other potential defendant. In addition, although Plaintiff has filed suit for unspecified violations of her civil rights, "[i]t is firmly established that a municipality ... cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell v. Dep't. of Social Serv.*, 436 U.S. 658, at 694 (1978)). To state a claim for relief against the City of Cincinnati for Plaintiff's alleged injuries, the complaint must allege facts showing that whatever misconduct gave rise to plaintiff's injuries was the result of a policy, statement, regulation, decision or custom promulgated by the City. *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citing *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996).

"The 'official policy' requirement [of *Monell*] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original). "[P]laintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Bright*, 753 F.3d at 660 (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008)). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Here, Plaintiff's complaint fails to allege any specific facts taken by anyone at all, and fails to identify any individual City employee other than the vaguely identified (and apparently retired) Officer Mercado. In short, the complaint fails to allege any particular policy,

5

custom, or practice of the City of Cincinnati that caused a violation of Plaintiff's civil rights, and therefore fails to state a claim against the Defendant under 42 U.S.C. § 1983. Because the complaint fails to state a claim upon which relief may be granted, it should be dismissed under 28 U.S.C. §1915(e)(2)(B).

### III. Conclusion and Recommendation

Plaintiff's allegations lack sufficient factual detail to state any plausible claim against the Defendant. Accordingly, **IT IS RECOMMENDED THAT:**

1. This case be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted;

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis*.

                                                      *s/Stephanie K. Bowman*
                                                      Stephanie K. Bowman
                                                      United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| WAKEITHA M. BELL, | Case No. 1:23-cv-168 |
| Plaintiff, | Cole, J. |
| | Bowman, M.J. |
| v. | |
| CITY OF CINCINNATI, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).