UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WAKEITHA M. BELL,

    Plaintiff,

  v.

CITY OF CINCINNATI,

    Defendant.

Case No. 1:23-cv-168

JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

Before the Court is Magistrate Judge Bowman's April 11, 2023, Report and Recommendation (R&R, Doc. 8), which recommends that the Court dismiss with prejudice Plaintiff Wakeitha M. Bell's Complaint (Doc. 7). For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 8), **OVERRULES** Bell's Objections (Docs. 10, 11), and **DISMISSES WITHOUT PREJUDICE** Bell's Complaint (Doc. 7).

The Complaint is short on detail and difficult to parse. Bell alleges that she has been "deprived of [her] rights all over the city," but never specifies exactly what rights she references or how those deprivations occurred. (Doc. 7, #26). Bell also appears to have a specific grievance with a (now seemingly retired) Cincinnati police officer related to her claims of "medical battery and fraud." (*Id.*). But again, the Complaint fails to explain what Bell means. And even though Bell believes this grievance is relevant, she clarifies that "this lawsuit is for general violation of my rights including obstruction." (*Id.*). For these claimed harms, Bell requests fair treatment in hospitals and compensatory damages for pain and suffering. (*Id.* at #27).

Bell twice moved to amend her Complaint: to increase the claim for damages to $20 million, to ensure she was in federal court,[1] to request a district judge's review rather than a magistrate's, to obtain counsel,[2] and to demand a trial before a jury. (Doc. 3, #16; Doc. 4, #18; Doc. 6, #22 (Order construing Docs. 3 and 4 as motions to amend the Complaint)).

Bell also moved for leave to proceed in forma pauperis (IFP). (Doc. 1). As a result, under this Court's General Order Cin. 22-02,[3] the matter was referred to a Magistrate Judge. On April 11, 2023, the Magistrate Judge granted Plaintiff IFP status. (Doc. 6). That same day, invoking the Court's authority under 28 U.S.C. § 1915(e) to conduct a sua sponte review of the Complaint, the Magistrate Judge

---

[1] In Bell's first set of proposed amendments to her complaint, she states that she would "like to change the jurisdiction to US.gov.defendant bc [sic] all parties listed in my complaint are government agencies." (Doc. 3, #16). In light of Bell's second proposed amendment, which requests confirmation that "the jurisdiction was federal," (Doc. 4, #18), the Court construes this first (largely unintelligible) statement as a similar request to ensure that this suit was filed in federal court—which she did in fact do, *see* 28 U.S.C. § 115(b)(1). Were Bell's reference to "US.gov.defendant" an attempt to add the federal government as a defendant, Bell would clearly lack standing to prosecute any claims against that entity: neither her complaint nor her proposed amendments refer to *any* actions purportedly causing her harm that can be said to be fairly traced to the federal government. *Carr v. Google, Inc.*, No. 1:23-cv-370, 2023 WL 7923897, at *2 (S.D. Ohio Oct. 12, 2023). The failure to identify anything tying the federal government or its actions to the alleged harm dooms any such claim, assuming it was properly raised. *See R.K. ex rel. J.K. v. Lee*, 53 F.4th 995, 999–1001 (6th Cir. 2022).

[2] The Court notes that there is no right to appointed counsel in civil cases. *Patmon v. Parker*, 3 F. App'x 337, 339 (6th Cir. 2001).

[3] Bell's request not to have a Magistrate Judge review her case is not legally supported. (Doc. 3, #16). This Court's General Order Cin. 22-02, promulgated under the Court's inherent as well as statutory authority to manage its own affairs, *Nick v. Morgan's Foods, Inc.*, 99 F. Supp. 2d 1056, 1060–61 (E.D. Mo. 2000); 28 U.S.C. § 2071, refers all civil IFP complaints to Magistrate Judges, as the Court may do under 28 U.S.C. § 636(b). And because these referrals conform with § 636(b) and Federal Rule of Civil Procedure 72, there is nothing untoward about having a Magistrate perform the initial review of Bell's case. As the R&R noted, that the Magistrate produced an R&R does not foreclose a district court's subsequent review of the case, (Doc. 8, #33 n.2), as the undersigned has done to prepare this disposition.

issued her R&R recommending dismissal of the Complaint as frivolous because it failed to state a claim upon which relief may be granted. (Doc. 8, #30 35). Within the required fourteen-day timeline, Bell objected to the R&R. (Docs. 10, 11).

The matter is ripe for the Court's review.

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a report and recommendation de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that review extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up). But if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). For unobjected portions of the R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

As noted, the Magistrate Judge analyzed the Complaint under the Court's screening authority and found it wanting:

> On the whole, the complaint contains insufficient factual detail from which this Court can discern any conceivable or plausible claim against the sole identified defendant, the City of Cincinnati[.] … Plaintiff's complaint fails to allege any specific facts [sic] taken by anyone at all,

3

> and fails to identify any individual City employee other than the vaguely identified (and apparently retired) Officer Mercado.

(Doc. 8, #33–34). And because the Magistrate found that these gaps meant there was no identified "policy, custom, or practice of the City of Cincinnati that caused a violation of Plaintiff's civil rights," she recommended dismissing the Complaint. (*Id.* at #34–35). Bell objected. She contended her Complaint was sufficiently detailed because she has evidence of significant wrongs allegedly committed against her: claims of identity theft, medical malpractice, sexual exploitation, performance of unconsented medical hypnosis, immigration fraud, defamation, and battery because of invasive, physical exposure to bugs. (Docs. 10, 11).

While the Court appreciates that Bell sincerely believes all this has happened, after conducting the required de novo review, the Court agrees with the Magistrate Judge that the *Complaint* is wholly lacking in factual detail explaining any of Bell's claims. Her objections add neither clarity nor detail—they wholly fail to provide even the identities of the parties she alleges harmed her. And they (lamentably) track the type of allegations that have been deemed factually frivolous by other courts in this Circuit. *Bartlett v. Kalamazoo Cnty. Cmty. Mental Health Bd.*, No. 18-1319, 2018 WL 4492496, at *2 (6th Cir. Aug. 22, 2018) (allegations that unnamed parties performed medical procedures to which the plaintiff did not consent); *Bardes v. Bush*, No. 1:22-cv-290, 2023 WL 2364664, at *7–*8 (S.D. Ohio Mar. 6, 2023) (collecting cases). As a result, they cannot explain how the Complaint meaningfully identifies (let alone provides any specificity regarding) "a policy statement, ordinance, regulation, [] decision officially adopted and promulgated … [or] governmental custom even though

4

such a custom has not received formal approval" that caused the alleged deprivation of Bell's rights, as is required to hold the City of Cincinnati liable. *Bright v. Gallia Cnty.*, 753 F.3d 639, 660 (6th Cir. 2014) (citation omitted). Simply, Bell's objections fail to persuade the Court, even on its de novo review, that the Magistrate Judge erred in concluding that the Complaint was frivolous and failed to state a claim upon which relief may be granted. So the Court adopts the R&R.

Finally, because Bell is proceeding IFP, the Court must assess, pursuant to 28 U.S.C. § 1915(a)(3), whether an appeal taken from this Order would be "in good faith." Because Bell's Complaint fails to include factual details that would permit "this Court [to] discern any conceivable or plausible claim against the sole identified defendant, the City of Cincinnati," (Doc. 8, #33), "any appeal of this decision would not have an arguable basis either in law or in fact." *Ohio v. Watson*, No. 1:22-cv-708, 2023 WL 6894812, at *2 (S.D. Ohio Oct. 18, 2023) (citation omitted). The Court therefore certifies that any appeal taken from this Order IFP would not be in good faith.

So the Court **ADOPTS** the R&R (Doc. 8), **OVERRULES** Bell's objections (Docs. 10, 11), and **DISMISSES WITHOUT PREJUDICE** her Complaint (Doc. 7). And the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, and **DENIES** Bell leave to appeal in forma pauperis. The Court further **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

5

**SO ORDERED.**

November 21, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**